**ALPHONSO CHRISTIAN, Plaintiff**

**v.**

**GLORIA SYLVEST and VERNA LEWIS, Defendants**

Small Claims/Civ. No. 809/1994

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

August 23, 1995

ALPHONSO CHRISTIAN, *Pro se*

KENTH W. ROGERS, ESQ., P.C., *for Defendants*

MEYERS, *Judge*

### MEMORANDUM OPINION

THIS MATTER came on for trial on October 31, 1994. Plaintiff appeared *Pro Se*. Defendants were present and were represented by Kenth Rogers, Esq.

The question presented is whether the abandonment of the leased property gave rise to a claim for damages for total breach of the subject lease contract. For the reasons that follow, this court holds that the abandonment of the leased property did not give rise to a claim for damages for total breach of the subject lease contract.

## FACTS

Plaintiff, a legally sophisticated landlord, and Defendants, relatively unsophisticated tenants, entered a one-year lease agreement for certain commercial property located at No. 1 Regjerrings Gade, St. Thomas, Virgin Islands. The term of the lease was from March 1, 1992, through February 28, 1993. The rent was payable in advance, by the fifth day of each month. On March 4, 1993, the parties extended the lease for a period of two years, through February 28, 1995. In May, 1994, the tenants vacated the premises citing financial difficulties. The monthly rent at that time was Five Hundred Fifty Dollars ($550.00). On May 31, 1994, the tenants delivered the keys to said property to the landlord. The landlord brought suit against the tenants on June 2, 1994. The landlord sought at that time to recover rent for June 1994 and for each month thereafter for the remainder of the term of the lease. The tenants did not make the rental payment that was due by the fifth of June 1994, nor did they make the payments that became due thereafter through October 1994. Subsequent to the filing of the complaint, but before trial, the landlord re-let the premises for a two-month period.

## DISCUSSION

At the outset, the court notes that the issues discussed herein have been raised sua sponte as they relate to the matter of jurisdiction.

As of the date of the filing of this action the tenants had not defaulted in their rental payments. The landlord commenced the action on June 2, 1994; however, the lease contract did not require that the rent be paid until June 5, 1994. Moreover, Restatement (Second) of Property, Section 12.1, comment (i) provides that

abandonment occurs when the tenant vacates the leased property without justification and without any present intention of returning and he defaults in the payment of the rent. Since the tenants had not defaulted in the payment of the rent, the court concludes that the tenants had not abandoned the property as of the date of the filing of this suit.

■ However, in the interest of justice and judicial economy, the court will take notice of the evidence presented at trial.[1] The evidence presented at trial showed that the tenants vacated the leased property without justification, without any present intention of returning and that as of June 6, 1994 they were in default in the payment of their rent. The court finds that as of June 6, 1994 the tenants had abandoned the leased property and continued their abandonment through October 1994. Accordingly, the court will award damages for the period of June 1994 through October 1994, less the amount collected as a result of re-letting the premises.

## II

The court now turns to the question of whether, as of October 31, 1994, the date of this trial, the landlord had a claim for damages for rent that had not yet become due. In other words, whether the Defendants' abandonment gave rise to a claim for damages for total breach of the lease contract. The court notes that, by the date of the filing of this opinion, the lease term would have expired. However, because the court has no evidence of what might have transpired since the trial, and because the question presented is unsettled in this jurisdiction, the court will consider the issue of damages for future rent as of the October 31, 1994 trial date.

The parties have pointed to no Virgin Islands statutory nor case law that addresses the precise question presented here, nor has the court's independent research revealed any such law. This being the

---

[1] Ripeness should be decided on the basis of all the information available to the court. Intervening events . . . should be included. C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3532.1 (1984). Since ripeness is peculiarly a question of timing, it is the situation now . . . that governs. *Blanchette v. Conn. Gen. Ins. Corps.*, 419 U.S. 102 (1974).

case, the court looks to the Restatements for guidance.[2] Restatement (Second) of Contracts § 243 addresses a party's right to a claim for damages for total breach in the event of a breach by non-performance. Section 243 provides:

> With respect to performances to be exchanged under an exchange of promises, a breach by non-performance gives rise to a claim for damages for total breach only if it discharges the injured party's remaining duties to render such performance, other than a duty to render an agreed equivalent . . . .

Section 243 does not purport to except contracts of lease from its scope. Having abandoned the subject property, the court finds that the tenants committed a breach by non-performance. The question, then, is whether this breach gave rise to a claim for damages for total breach of the lease contract under Section 243, or, in other words, whether the doctrine of anticipatory breach is applicable to the subject lease contract.

Courts remain divided as to whether, in lease contracts, a breach by non-performance discharges the injured party's remaining duties, and thus, gives rise to a claim for damages for total breach. Their holdings generally turn on whether or not the particular jurisdiction views the covenants in a contract of lease as dependent or independent.

Some authorities follow the view that a lease is a bilateral contract with dependent promises. Thus, if the tenant abandons the leased property, the landlord is allowed to recover damages for total breach of the lease on the theory of anticipatory breach of contract. In the oft cited case *Hawkinson v. Johnson*, 122 F.2d 724 (8 Cir. 1941), the tenant abandoned a 99 year lease having a remaining term of 67 years. The court wrote: "As a matter of sound practicality, and ignoring the spirit of mere legalistic negation and artificial differentiation, there is no reason to attempt to draw a distinction" [between contracts of lease and contracts generally].

---

[2] "The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary." 1 V.I.C. § 4.

The court went on to state that "[t]he commercial world has long since learned the desirability of fixing its liabilities and losses as quickly as possible, and the law similarly needs to remind itself that, to be useful, it too must be practical."

The *Hawkinson* court found that the contract of lease was still executory on the part of the landlord since he was obligated by specific and continuing covenants to assure the quiet enjoyment of the premises during the term of the lease, and, also, at all times to defend the title. The court further found that these covenants were in a sufficient sense interdependent with the lessees' obligation to pay rent, since the payment of rent at any particular time necessarily was conditional on their continued performance. With these findings the court held that the doctrine of anticipatory breach is applicable to contracts of lease in Missouri.

Other courts focus on the property rather than the contract aspects of the lease. *J. Calamari & J. Perillo, The Law of Contracts,* § 12-11 (1977). In view of the fact that a lease involves primarily the conveyance of an estate in land, the contract of lease has been treated as a unilateral contract, and the doctrine of anticipatory breach of contract declared inapplicable. *W. Burby, Handbook of the Law of Real Property* § 43(a) (1965). See also, 49 Am. Jur. 2D *Landlord and Tenant* § 787 (1995). If a lessee abandons the lease the lessor is entitled to recover rent only as it accrues. *W. Burby, Handbook of the Law of Real Property* § 43(a) (1965).

In *Tenbraak v. Waffle Shops*, 542 F.2d 919 (4th Cir. 1976), where the lessee had abandoned the lease by refusing to build on or otherwise occupy the leased property and by expressly renouncing the lease, the District Court held that the lessor could recover an amount equaling the sum of all their unpaid past rentals, plus the present value of all future rentals to become due during the remainder of the term of the lease. The Court of Appeals affirmed in part and reversed in part holding that the lessor may not recover future damages, but only accrued rent which was unpaid at the time the action was initiated.

■■ This court treats the covenants in a contract of lease as independent. Thus, in the Virgin Islands, a landlord's failure to repair does not discharge the tenant's duty to pay rent. *See V.I. Housing Authority v. Joseph*, 13 V.I. 508 (1977); *Edelman v. Henderson,*

7 V.I. 91, 294 F. Supp. 323 (D.V.I. 1968). The converse would also hold true, i.e., a tenant's failure to pay rent would not discharge the landlord's duties to repair. As such, in the Virgin Islands, the covenants of a contract of lease are independent, and a breach by non-performance does not give rise to a claim for damages for total breach in lease contracts. This court holds, therefore, that the tenants' breach of the lease agreement by abandoning the leased property, did not give rise to a claim for damages for total breach of the lease contract.[3]

### III

This court is indeed persuaded by the movement afoot to apply general contract law to contracts of lease. It will be noted that our conclusion is arrived at through an application of contract principles. The conclusion reached in this case differs from that in *Hawkinson* because this court has elected to treat the promises of a contract of lease as independent, while the *Hawkinson* court elected to treat such promises as dependent.

■ The book of Leviticus Ch. 19:15 admonishes thus: "You shall do no injustice in judgment; you shall not be partial to the poor or defer to the great, but in righteousness shall you judge your neighbor." Here, as is often the case in landlord and tenant cases, the court was faced with the task of balancing principles of the common law with principles of common justice. On the one hand, tenants ought not be allowed to abandon their contractual obligations with impunity, simply because, with hindsight they appear to be ill-advised. On the other hand, landlords ought not be permitted to make unconscionable claims for total breach when there has been only a partial breach of the lease agreement. It is this court's opinion that rather than treat the covenants of a contract of lease as dependent, and thus allowing suit for damages for total breach, the

---

[3] Illustration 11 of the Restatement (Second) of Property, Section 12.1 supports the court's conclusion. It reads: "L leases a building to T for five years. After two years, T, having difficulty making rental payments, offers to surrender the premises to L. L writes to T that no surrender will be accepted and that any reentry by L would be to attempt to relet for T's account. T abandons the premises. *At the end of each rental period under the old lease, or at the end of the five-year term, L may hold T for rent equal to the difference between the rent T would have paid and the rent, if any, L receives.*"

more just approach is to treat these promises as independent, thus allowing landlords to sue for rent only after it has become due pursuant to the lease agreement.[4]

Accordingly, this court holds that as, of October 31, 1994, Plaintiff's claim for rent from November 1994 through February 1995 was premature. Plaintiff's claim for said rent, therefore, is denied.

## JUDGMENT

In accordance with the Memorandum Opinion of even date, it is hereby

ORDERED that Plaintiff shall recover ONE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($1,550.00) together with costs of FORTY DOLLARS ($40.00) from the Defendants; and it is further

ORDERED that a copy of this Judgment shall be personally served upon the Plaintiff, Alphonso Christian, and a copy thereof shall be directed to Kenth Rogers, Esq.

---

[4] Allowing the lessor immediate recovery would, in effect, be a bonus to the landlord beyond what he was promised, and a penalty to the tenant. The commercial world's desire to fix their liabilities and losses as soon as possible, according to *Hawkinson*, would not be affected by a policy requiring the landlord to wait until the rent is due before bringing suit. The law is quite settled that, in a case of abandonment, the tenant remains liable for rent through the remainder of the term. And as to the practicality of the policy advanced here, it would be practical, to require landlords faced with an abandonment to mitigate their damages as is generally required for breach of contract. Indeed it would be wise for any landlord faced with an abandonment, especially where due to financial difficulties, to mitigate his damages by re-letting the premises.